# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         CRIMINAL ACTION NO. 2:92-cr-00329-02

WENDELL SERGEANT,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated for Standard consideration.

The Court has received and considered the addendum to the Presentence Investigation Report (PSI) from the Probation Office and received any materials submitted by the parties on this issue.

Defendant argues that he is entitled to a sentence reduction by comparing his situation to the defendant's situation in *United States v. Miller*, 2010 WL 3119768 (D. Minn Aug. 6, 2010). (Docket 142, n.1.) In *Miller*, the court reduced the defendant's life sentence for a crack cocaine conviction based on § 3582(c)(2). However, at sentencing, defendant was determined to be a career offender and was sentenced based on that determination. The court acknowledged that a career offender sentence is generally ineligible for a § 3582(c)(2) reduction. Nevertheless, the court deemed Miller's situation as a "singular and unique exception." *Miller*, 2010 WL 3119768 at *1. The court reasoned that defendant's guideline calculation was the "dominant factor in the actual decision to find the career offender category and statutory life sentence applicable." *Id.* at *2. The court reduced his sentence based on the new Guidelines calculation under U.S.S.G. § 2D1.1, in spite of his status as a career offender. In the instant matter, Defendant similarly argues that the quantity of crack cocaine related to the Court's determination at sentencing that Defendant qualified as a career offender. However, Defendant is a career offender, and his offense level is determined on that basis, U.S.S.G. § 4B1.1, not on the basis of his relevant conduct under U.S.S.G. § 2D1.1. *E.g., United States v. Hawkins*, 433 F. App'x 182 (4th Cir. 2011). The Court declines to follow an obviously erroneous decision from a district court outside of the Fourth Circuit.

Defendant also contends that his sentence should be reduced because the Court has the authority to vary based on *United States v. Booker*, 543 U.S. 220 (2005) and its progeny. Defendant's arguments are based on a misunderstanding of the scope of § 3582(c)(2). A sentence reduction under § 3582(c)(2) is not a resentencing proceeding. Section 3582(c)(2) is merely a sentence modification provision. *Dillon v. United States*, ___ U.S. ___, 130 S. Ct. 2683, 2690 (2010) ("By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding.").

2

*Dillon* specifically holds that "§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Id.* at 2694. The recent amendment to U.S.S.G. § 2D1.1 does not affect Defendant's guideline calculation as a career offender. Further, *Booker* does not apply to sentencing modification proceedings. *Id.* at 2693-94.

Defendant's final argument urges that Defendant should receive a sentence reduction because his Guideline calculation should be reduced. Once again, Defendant is confused on how the Court determines sentence reductions under § 3582(c)(2). The new Guidelines did affect Defendant's offense level under U.S.S.G. § 2D1.1. However, his status as a career offender is not affected by the amendment.

Based on the foregoing considerations, the Court finds that the Defendant is ineligible for a sentence reduction based on the 2011 amendments to U.S.S.G. § 2D.1.1. Accordingly, Defendant's motions for a sentence reduction [Dockets 131 and 132] are **DENIED.**

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 1, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE